UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

UNITED STATES OF AMERICA,      :

     :     **ORDER DENYING MOTION**

    -against-      :     **FOR RELEASE**

     :

GEORGE TROPIANO,      :     18 Cr. 15 (AKH)

     :

                Defendant.      :

-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

           In December 2018, Defendant George Tropiano pled guilty pursuant to a plea agreement with the government to one count of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d). Plea Tr., ECF No. 347, at 4-21. Tropiano, a made member of the Bonanno Crime Family,[1] admitted in his allocution that, as part of the conspiracy, he attempted to extort a victim using "implied threats of violence." *Id*. at 16:17-19.[2] In April 2019, I sentenced Tropiano to 41 months' imprisonment to be followed by 3 years of supervised release. *See* Sentencing Tr., ECF No. 523, at 15. I observed that "[t]hreatening others is very serious," and that Tropiano has "history of criminal conduct," but also recognized that Tropiano has a "history of good works in his community." With these considerations in mind, I concluded that 41 months' imprisonment, at the bottom end of his Guidelines range, was appropriate. *Id.* Tropiano now moves for release under 18 U.S.C. § 3582(c)(1)(A), claiming that his heart condition and advanced age of 71 place him at risk of complications from COVID-19. *See* Def. Mtn., ECF No. 690, at 1.

---

[1] The Bonanno Crime Family is "one of the five New-York based families of La Cosa Nostra (LCN), a nationwide criminal society that operates through local organizations known as families. Each LCN Family is engaged in a wide variety of criminal activities, including murder, extortion, narcotics trafficking, labor racketeering, illegal gambling, loansharking, thefts and robberies, and the corrupt infiltration of legitimate businesses." Presentence Investigation Report ("PSIR"), ECF No. 443, at ¶ 23.

[2] As detailed in the uncontested Presentence Investigation Report, on one occasion Tropiano attempted to intimidate a victim into taking less money under a court judgment than the victim was entitled to. When the victim refused, Tropiano told him, "say hi to your father for me," a threat invoking the fact that the victim's father "had previously been shot in the head outside of his home in an unresolved murder attempt." PSIR at ¶ 27.

The motion is denied.  I recently denied a similar motion filed by Tropiano's co-defendant, Ernest Montevecchi, *see* Order (June 8, 2020), ECF No. 694, and the rationale behind that denial holds true here.

A sentence reduction under 18 U.S.C. § 3582(c) is only permitted if, *inter alia*, "after considering the factors set forth in [18 U.S.C.] section 3553(a)," the court determines that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(a). While the COVID-19 pandemic surely qualifies as an "extraordinary and compelling" situation, the factors laid out in 18 U.S.C. § 3553(a) persuade me that Tropiano's motion should be denied. In denying Montevecchi's motion for release, I explained that participation in organized crime is a serious offense; that Montevecchi had a troubling history of racketeering misconduct, even into his late fifties; that Montevecchi had served only a small portion of his sentence; and that he had been involved with threatening a victim with violence.  Here, Tropiano likewise was a member of an organized crime family; has a history of violent crime[3] that began when he was a teenager and extends into his mid-sixties; has served only a third of his prison sentence; and participated in threatening the same victim as Montevecchi——Montevecchi directed Tropiano to intimidate the victim, but it was Tropiano who ultimately did the actual in-person threatening.  And even after threatening the victim in person, Tropiano "continued to attempt to extort [him] by leaving voice messages and handwritten notes at [his] company."  PSIR at ¶ 28.

Under these circumstances, the Section 3553(a) factors——most conspicuously the nature of the offense, the defendant's history, the need to reflect the seriousness of the offense, the need for general and specific deterrence, the need to protect the public from further crimes, and the "need to avoid unwarranted sentencing disparities among defendants with similar records

---

[3] According to an NYPD arrest report, Tropiano, *at age 64*, was arrested for an assault in which he "punched and kicked a victim in the head and face."  PSIR at ¶ 58.  Tropiano pleaded guilty to third-degree assault.  *See id*.

who have been found guilty of similar conduct" ——weigh heavily against granting the instant motion.  I commented at the sentencing that Tropiano's "crime was rather a nasty crime," that this behavior was "not aberrational," and that: "I have to promote respect for the law.  What will be the respect if someone engaged in such conduct as part of a racketeering enterprise gets off with a year and a day or something like that, as [Tropiano] suggests?  I think people will lose respect for the law."  Sentencing Tr. at 7-8, 14.  The COVID-19 outbreak does not make that statement any less true today.  Tropiano committed a serious crime, has a demonstrated history of serious——often violent——conduct, and has served only a small portion of his sentence.  To release him now would be both contrary to statute and unjust.  *See United States v. Martinez*, 12 Cr. 862, 2020 WL 2079542, at * (S.D.N.Y. Apr. 30, 2020) ("When presented with motions for compassionate release due to COVID-19 brought by defendants with violent criminal histories, courts in this District have generally concluded that the Sentencing Commission's guidance cuts against granting release.").

Finally, Tropiano suggests that the Court should "modify Mr. Tropiano's sentence so that he may serve the balance of [his sentence] under home confinement," Def. Mtn. at 6, but "convert[ing] the custodial portion of [a] sentence to home confinement … [is] not authorized by statute," *United States v. Garcia*, 18 Cr. 802, 2020 WL 2468091, at *7 (S.D.N.Y. May 13, 2020), and, in any case, unwarranted on the facts.

In sum, the motion for release is denied (ECF No. 690).  The Clerk is hereby instructed to close the motion.

SO ORDERED.

Dated:     June 19, 2020                          _____/s/_____
           New York, New York                          ALVIN K. HELLERSTEIN
                                                       United States District Judge